IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE SOLIZ** | § § § | |
| v. | § § § § | Civil Action No. 5:23-CV-1260 |
| **HOLLINGSWORTH LOGISTICS GROUP, LLC** | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JOSE SOLIZ** hereinafter referred to as "Plaintiff," bringing this cause of action under the Fair Labor Standards Act 29 U.S.C. § 203 et. seq. against Defendant **HOLLINGSWORTH LOGISTICS GROUP, LLC**, hereinafter referred to as "Defendant." The above-named Plaintiff consents to be a part of this FLSA claim and litigation. For cause of action, Plaintiff respectfully shows unto the Court the following:

## I.
## PARTIES

1.  Plaintiff **JOSE SOLIZ** is an individual who was employed by Defendant and performed work within the Western District of Texas San Antonio Division during the time relevant to this suit.

2.  Defendant **HOLLINGSWORTH LOGISTICS GROUP, LLC.** is a Michigan LLC. It may be served with process by the clerk of the Court by certified mail return receipt requested by serving its registered agent, Northwest Registered Agent, LLC

1

at 5900 Balcones Drive Ste 100 Austin, Texas 78731. A waiver of service will first be requested.

## II.
## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the claims under 28 U.S.C.A. § 1331 because Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act.

4. Venue is proper in the Western District of Texas, San Antonio Division Under 28 U.S.C.A. § 1391(b)(2) because the events forming the basis of the suit occurred in whole or in part within the Western District of Texas San Antonio Division.

## III.
## MISNOMER/MISIDENTIFICATION

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## RESPONDEAT SUPERIOR

6. Employees involved in this cause of action were, at all times described herein, employees of Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

2

## V.
## FACTUAL BACKGROUND

7. Plaintiff Jose Soliz worked as a line lead for Defendant Hollingsworth Logistics Group, LLC from September of 2022 until his termination on or about May 12, 2023.

8. Soliz was required to begin work up to 15 minutes before his scheduled start time and to stay 5-10 minutes after the scheduled end of his workday at 3:30 p.m. Despite this, he was not allowed to clock in until his scheduled start time and would have his clock out times adjusted to 3:30 even if he worked after 3:30.

9. As a result, Soliz was not paid for at least an average of 45 minutes of overtime per week. His normal wage was $18.00 per hour and $27.00 per hour of overtime. As a result, he was underpaid by at least $20.25 per week.

10. In January 2023, Soliz complained to his manager Mary about the unpaid time he had to work. In retaliation she began to give him more difficult work assignments and began giving him fewer workers on his crew, despite expecting them to complete the same amount of work.

11. Soliz brought these complaints of unpaid overtime and retaliation to human resources and prepared a written statement as instructed. Nevertheless, HR took no action to correct the situation. His supervisor Mary continued to require Soliz to work before clocking in and after his scheduled end time of 3:30. Despite this, his time records were still adjusted to show that he stopped at 3:30.

12. Soliz again complained to HR about the unpaid work time in April 2023, but again no action was taken to correct the improper pay practices.

13. On or about April 28, 2023, Soliz was accused by Mary of disrupting a meeting and told that he had to resign or be fired. Soliz refused to resign and presented evidence to HR that he did not disrupt the meeting.

14. Despite that, on or about May 12, 2023 Soliz was terminated.

## VI.
## CAUSES OF ACTION

**Failure to Pay Wages in Accordance with the Fair Labor Standards Act**

15. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

16. Defendant's failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq*. (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate.

17. Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to accrued, unpaid overtime pay. Plaintiff is further entitled to

liquidated damages in an amount equal to the unpaid overtime benefits due because of the willful nature of the Defendant's failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to recover mandatory attorneys' fees under the statute.

**Retaliation in violation of the Fair Labor Standards Act**

18. The evidence will demonstrate that Plaintiff has proof of each element of his FLSA retaliation claim:

   (1) **Participation in a protected activity under the FLSA**: Soliz brought complaints about not being allowed to clock in when he was required to do work before his scheduled start time/Soliz brought complaints that he was required to continue working after his scheduled stop time of 3:30 but Defendant adjusted time records to show that he clocked out at 3:30;

   (2) **An adverse employment action**: Plaintiff was given less favorable work after he complained, which is the type of action that would dissuade an employee from bringing complaints; Plaintiff was terminated in May 2023 following his April 2023 complaints.

   (3) **A causal link between the activity and the adverse action**: There is temporal proximity between Plaintiff bringing complaints and being given less favorable work duties and between the complaints and his termination. Defendant's opinion on Plaintiff changed after he brought the complaints. Defendant took no action to remedy the improper pay practices after Plaintiff's complaints.

## VII.
## COVERAGE

19. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

20. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiff was an individual employee who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VIII.
## ATTORNEY'S FEES

24. It was necessary for Plaintiff to retain the services of the undersigned attorneys to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

    a.     Preparation and trial of the claim, in an amount the jury deems reasonable;

    b.     Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

| | |
|---|---|
| c. | An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable; |
| d. | Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and, |
| e. | Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable. |

## IX.
## DAMAGES

25. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant:

| | |
|---|---|
| a. | Overtime pay, time and one half pay, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day, In addition, Plaintiff is entitled to liquidated damages in a like amount as the underpaid and/or unpaid amounts because of the willful conduct of Defendant; |
| b. | Lost wages in the past and future that Plaintiff has incurred or will incur as a result of Defendant terminating him in retaliation for bringing protected complaints. |
| c. | Compensatory damages for inconvenience, harm to professional reputation, and mental anguish and emotional distress, past and future, as a result of his retaliatory termination. |
| d. | All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff; |
| e. | All reasonable and necessary costs incurred in pursuit of this suit; |
| f. | Expert fees as the Court deems appropriate; |
| g. | Pre and Post judgment interest as allowed by law; |

# X.
# JURY DEMAND

26. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

*/s/ Alan Braun*
**Adam Poncio**
**State Bar No. 16109800**
salaw@msn.com
**Alan Braun**
**State Bar No. 24054488**
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 109**
**San Antonio, Texas 78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**